Richard Morin (SBN 285275)
Bryce Fick (SBN 322951)
Law Office of Rick Morin, PC
500 Newport Center Drive Suite 610
Newport Beach, CA 92660
Phone: (949) 996-3094
Email: legal@rickmorin.net

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Lawanna Kindle Brown, | Case No. |
| Plaintiff, | **COMPLAINT** |
| v. | |
| Suri Hurley, LLC, | |
| Defendant. | |

Plaintiff Lawanna Kindle Brown ("Plaintiff") alleges:

## INTRODUCTION

1. Plaintiff brings this action against Suri Hurley, LLC ("Defendant") for unlawfully and intentionally discriminating against Plaintiff because of Plaintiff's disability/handicap and denying Plaintiff equal access to the housing accommodation located at the commonly known address 2281 Hurley Way, Unit 2, CA 95825 ("Accommodation").

## PARTIES

2. Plaintiff is a natural person. At all times relevant to this Complaint, Plaintiff is and has been considered disabled and handicap.

3. Defendant owns, manages, and/or operates the apartment community that includes the Accommodation.

//

1
COMPLAINT

## THE ACCOMODATION

4. The Accommodation is a unit in a multifamily, residential apartment community, which is intended for occupancy as a residence by one or more families.

## JURISDICTION AND VENUE

5. The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343.

6. Pursuant to supplemental jurisdiction, 28 U.S.C. § 1367, attendant and related causes of action, arising from the same nucleus of operative facts and arising out of the same transactions, are also brought under California state law.

7. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the property is within this judicial district and Plaintiff's cause of action arose in this district.

## FACTUAL ALLEGATIONS

8. Plaintiff suffers from a disability and/or medical conditions that is/are a disability.

9. Plaintiff suffers from, among other things, Post-Traumatic Stress Disorder and another psychiatric disorder.

10. Plaintiff's symptoms limit, some substantially, Plaintiff's major life activities.

11. Plaintiff utilizes an assistance animal to address the challenges resulting from and to alleviate the symptoms of Plaintiff's disabilities, which Plaintiff deals with on a daily basis.

12. Plaintiff moved into the Accommodation in November 2021.

13. After Plaintiff had moved into the Accommodation, the manager of the apartment community, who is believed to be the employee or agent of Defendant's agent or of Defendant acting within the course and scope of that agency, told Plaintiff that her dog is not allowed in the unit and at the complex.

14. When confronted with the unassailable fact that Plaintiff needs an assistance animal to accommodate her disabilities, Defendant's agent even told Plaintiff that they are not required to accommodate assistance animals.

15. On or about June 4, 2022, Plaintiff believes Defendant posted a Three-Day Notice to Perform Conditions and/or Covenants or Quit.

16. Among the conditions and/or covenants that Defendant claimed were breached and needed to be complied with was having a dog in the Premises and at the apartment community.

17. Plaintiff would like to continue to live at the Accommodation.

18. Plaintiff has been injured as result of Defendants conduct, including, but not limited to, emotional distress, frustration, and embarrassment.

## **FIRST CAUSE OF ACTION**

Violations of the Fair Housing Act

42 U.S.C. §§ 3601 *et seq.*

19. Plaintiff hereby incorporates the previous paragraphs as if they had been fully stated herein.

20. The Accommodation was and is a dwelling.

21. Plaintiff's dog was and is an assistance animal.

22. Plaintiff is handicapped.

23. Defendant leases and has leased buildings or structures, or a portion thereof, occupied as or designed or intended for occupancy as a residence by one or more families.

24. Defendant discriminated against Plaintiff in the terms, conditions, and/or privileges in the rental of the dwelling because of Plaintiff's handicap, including refusing to make reasonable accommodation in rules, policies, practices, and/or services when such accommodations are necessary to afford Plaintiff equal opportunity to use and enjoy a dwelling.

25. Moreover, Defendant's actions constitute harassment.

26. Lastly, Defendant has failed to engage in an interactive process to discuss Plaintiff's disability-related need for accommodation and possible alternative accommodations.

27. Plaintiff seeks actual damages, punitive damages, an injunction, reasonable attorney's fees and costs, including expert witness fees if applicable, and any other such relief the court deems appropriate.

//

//

//

## SECOND CAUSE OF ACTION

Violations of the California Fair Employment and Housing Act

Cal. Gov. Code §§ 12900 *et seq.*

28. Plaintiff hereby incorporates the previous paragraphs as if they had been fully stated herein.

29. The Accommodation was and is a housing accommodation.

30. Defendant leases and has leased buildings or structures, or a portion thereof, occupied as or designed or intended for occupancy as a residence by one or more families.

31. It is unlawful for Defendant to discriminate against Plaintiff because of Plaintiff's disability.

32. Defendant intentionally discriminated against Plaintiff because of Plaintiff's disability.

33. Alternatively, Defendant's policy of denying persons with assistance animals full and equal access had a discriminatory effect against people with disabilities, such as Plaintiff.

34. Moreover, Defendant's actions constitute harassment.

35. Defendant has refused to provide a reasonable accommodation to Plaintiff as requested.

36. Plaintiff has been injured as result of Defendant's conduct, including, but not limited to, emotional distress, difficulty, and embarrassment.

37. Plaintiff seeks actual damages, punitive damages, an injunction, reasonable attorney's fees and costs, including expert witness fees if applicable, and any other such relief the court deems appropriate.

## THIRD CAUSE OF ACTION

Violations of the Unruh Civil Rights Act

California Civil Code §§ 51-53

38. Plaintiff hereby incorporates the previous paragraphs as if they had been fully stated herein.

39. The apartment community, including the Accommodation, is a business establishment.

40. Defendants intentionally discriminated against Plaintiff because of Plaintiff's disability.

41. Defendants' acts and omissions with regard to the discriminatory treatment of Plaintiff,

on the basis of Plaintiff's disabilities, have been in violation of California Civil Code §§ 51 and 51.5, the Unruh Civil Rights Act, and have denied to Plaintiff's right to full and equal accommodations, advantages, facilities, privileges, or services in (a) business establishment(s).

42. Plaintiff was harmed.

43. Defendant's conduct was a substantial factor in causing Plaintiff's harm.

44. As a result of the violation of Plaintiffs civil rights protected by California Civil Code §§ 51 and 51.5, Plaintiff is entitled to the rights and remedies of California Civil Code § 52, including a trebling of actual damages, minimum statutory damages, as well as reasonable attorneys' fees and costs, as allowed by statute, according to proof, and Plaintiff seeks the same.

45. Plaintiff also seeks to enjoin Defendant from violating disabled persons' rights.

## **PRAYER**

Plaintiff hereby prays for the following:

1. Injunctive relief compelling Defendant to cease their discrimination against disabled persons and remove all accessibility policy barriers that relate to Plaintiff's disability;

2. Damages including actual damages in an amount to be proven at trial, in no event less than $4,000, or the applicable minimum statutory damages, whichever is greater;

3. Punitive damages;

4. Attorney's fees pursuant to 42 U.S.C. §§ 3613, 12205, Civil Code sections §§ 52, 54 12983, Code of Civil Procedure section 1021.5 and/or other statute;

5. Expenses;

6. Costs of suit; and

7. Other relief that the court deems appropriate.

Dated: June 20, 2022

Law Office of Rick Morin, PC

_____
By: Richard Morin
Attorney for Plaintiff